# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDI ELLIS, JASON FLANDERS, RAMON HERNANDEZ, and JEZLIA BARAJAS,<br><br>Defendants. | Case No. 26-CR-18-JPS<br><br>**ORDER** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KITCHY JOHNSON,<br><br>Defendant. | Case No. 26-CR-22-LA<br><br>**ORDER** |

On February 3, 2026, the Government, represented by Attorney Julie Stewart ("Stewart"), brought an Indictment against Brandi Ellis, Jason Flanders, Ramon Hernandez, and Jezlia Barajas relating to bank fraud, among other crimes. *United States v. Brandi Ellis, Jason Flanders, Ramon Hernandez, and Jezlia Barajas*, Case No. 26-CR-18 (E.D. Wis.), ECF No. 1 (hereinafter the "Ellis Case"). That case was assigned to this branch of the Court. *See generally id.*

That same day, the Government, again represented by Stewart, filed an Information against Kitchy Johnson, charging her as a co-conspirator to

the bank fraud; in turn, Jacob A. Manian was appointed as her counsel. *United States v. Kitchy Johnson*, Case No. 26-CR-22 (E.D. Wis.), ECF No. 1 (hereinafter the "Johnson Case"); *see also* Ellis Case, ECF No. 3. The Johnson Case was assigned to Judge Lynn Adelman. *See generally* Johnson Case.

Stewart and Manian jointly filed a motion pursuant to Criminal Local Rule 13 to reassign the Johnson Case to this Court. Ellis Case, ECF No. 3; Johnson Case, ECF No. 3. The higher-numbered case is the one against Johnson in which Judge Adelman is currently presiding. *See* Johnson Case. The Johnson Case is based on the "same conduct as Barajas and Hernandez are charged with in Count 10 of the Indictment" in the Ellis Case. Ellis Case, ECF No. 3 at 2; Johnson Case, ECF No. 3 at 2; *compare* Johnson Case, ECF No. 1 at 1–3, *with* Ellis Case, ECF No. 1 at 16–18 (both alleging bank fraud against "Company A" over a shared time-period between 2018 and 2024).

"A criminal case may be reassigned to another judge if . . . all defendants in each of the cases are the same, . . . both cases are pending in this District[,] . . . the handling of both cases by the same judge is likely to result in the overall saving of judicial resources[,] and . . . neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice." CRIM. L.R. 13(a). Such motions for reassignment "will be decided by the judge to whom the lowest numbered case of the claimed related set is assigned for trial or other disposition." CRIM. L.R. 13(b).

The Court finds that the above-stated criteria for reassignment are met here. Although the defendants in the two cases are not the same, the cases are based on the same set of facts, events, or offenses. *Compare* Johnson

Case, ECF No. 1 at 1–3, *with* Ellis Case, ECF No. 1 at 16–18 (both alleging bank fraud against "Company A" over a shared time-period between 2018 and 2024). Moreover, both cases are pending in this District. Neither case is more than a week old; there is minimal activity on both dockets. *See generally* Ellis Case and Johnson Case. As such, reassignment of the Johnson Case will not unduly delay proceedings and in fact will further the goal of efficient and consistent resolution of both matters. Indeed, it has been represented to the Court that "Johnson stands in the same position as Barajas and Hernandez in the instant matter," in that they "played similar roles in the operative scheme, and have similar relative levels of involvement, information, and culpability relative to Ellis and Flanders." Ellis Case, ECF No. 3 at 3; Johnson Case, ECF No. 3 at 3.

For all these reasons, the Court will grant the parties' motion and order that the Clerk of Court reassign the Johnson Case to this Court.

Accordingly,

**IT IS ORDERED** that the parties' joint motion to reassign Case No. 26-CR-22 to Judge J.P. Stadtmueller, Case No. 26-CR-18, ECF No. 3 and Case No. 26-CR-22, ECF No. 3, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court take all steps necessary and appropriate to reassign Case No. 26-CR-22 to this branch of the Court for all future proceedings.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2026.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge