# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    **Plaintiff,**

    **v.**                              **Case No. 26-CR-18-JPS-SCD**

**BRANDI ELLIS,**
**JASON FLANDERS,** and
**RAMON HERNANDEZ,**

    **Defendants.**

## ORDER ON DEFENDANTS' NONDISPOSITIVE MOTIONS

Brandi Ellis, Jason Flanders, Ramon Hernandez, and Jezlia Barajas are charged together in a fifteen-count indictment. Some of the counts charge two or more defendants with the same crime, others focus on just one defendant. Ellis, Flanders, and Hernandez have moved to sever their trials from those of their co-defendants. Because the defendants are properly joined and because Flanders has failed to demonstrate prejudice resulting from that joinder, I will deny his severance motion. The concerns raised by Hernandez and Ellis, while legitimate, may never materialize. Accordingly, I will deny their motions without prejudice.

## BACKGROUND

Jason Flanders and Brandi Ellis worked together in the finance department at Company A from 2014 until 2019. *See* Indict. ¶¶ 2, 5, ECF No. 1. Flanders started as the director of finance and later was promoted to chief financial officer. Ellis worked under Flanders as an accountant and, after Flanders left the company in January 2019, Ellis was promoted to accounting manager and then finance manager. She was fired in May 2024.

Throughout their employment at Company A, Flanders and Ellis had access to the company's accounting system, were able to print checks on the company's accounts, and were authorized to apply the chief operating officer's signature stamp to checks issued to vendors for payment authorized by management for work actually performed. *Id.* ¶¶ 3, 6. But they did not have authority to issue checks for work that was not performed, to issue checks to themselves, to stamp checks with the COO's signature that were not properly issued pursuant to the company's protocols, or to provide checks issued by the company that the COO did not authorize. *See id.* ¶¶ 1, 4, 7.

In February 2026, a federal grand jury returned a fifteen-count indictment against Flanders, Ellis, and two others, Ramon Hernandez and Jezlia Barajas.[1] The indictment alleges that all four defendants engaged in a scheme to defraud Bank A by presenting forged checks written on Company A's bank accounts. *See* Indict. ¶¶ 1–46. According to the government, the embezzlement scheme worked like this: Flanders and Ellis forged company checks with an unauthorized payee (Flanders – himself; Ellis – herself, Hernandez, Barajas, and others); affixed to the checks the COO's signature stamp; and presented the forged checks to Bank A (Flanders) or had third-party co-conspirators do so (Ellis), before sharing in the profits of the scheme. The indictment also alleges that Ellis, Hernandez, and Barajas conspired together to conceal the nature of the proceeds from the scheme; that Ellis's fraudulent conduct also involved aggravated identity theft, wire fraud, and witness tampering; and that Flanders lied to investigators. *See id.* ¶¶ 47–81. However, the indictment does not charge Flanders and Ellis together in any substantive count.

---

[1] In 2018, Barajas worked for Company A as an accounting specialist. *See* Indict. ¶ 8. Hernandez is the father of Barajas's children and, at the time, the two dated and lived together. *See* Govt's Resp. to Flanders's Mot. to Sever, at 3 n.1, ECF No. 73. However, Hernandez did not work for or provide janitorial services to Company A. *See* Indict. ¶ 10.

The matter is assigned to United States District Judge J. P. Stadtmueller for trial and to me for resolving pretrial motions. *See* 28 U.S.C. § 636; Fed. R. Crim. P. 59; E.D. Wis. Gen. L. R. 72. Although there is currently no trial date scheduled, Hernandez, Flanders, and Ellis all have moved to sever their trials from those of their co-defendants. *See* Hernandez's Mot. for Severance, ECF No. 58; Flanders's Mot. to Sever, ECF No. 62; Ellis's Mot. to Sever, ECF No. 65. The government has responded to each motion, *see* Govt's Resp. to Hernandez's Mot. for Severance, ECF No. 74; Govt's Resp. to Flanders's Mot. to Sever, ECF No. 73; Govt's Resp. to Ellis's Mot. to Sever, ECF No. 75; Ellis filed a reply brief, *see* ECF No. 86; and the time for the other defendants to submit a reply has passed, *see* ECF Nos. 69 & 81.[2]

## DISCUSSION

Flanders seeks to sever his trial from that of Ellis, arguing first that joinder is improper under Rule 8 of the Federal Rules of Criminal Procedure. Rule 8 permits charging two or more defendants together in the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *United States v. White*, 737 F.3d 1121, 1132 (7th Cir. 2013) (quoting Fed. R. Crim. P. 8(b)). The Seventh Circuit has "construed this rule broadly to allow liberal joinder in order to enhance judicial efficiency." *United States v. Stillo*, 57 F.3d 553, 556 (7th Cir. 1995) (citing *United States v. Curry*, 977 F.2d 1042, 1049 (7th Cir. 1992)). Joint trials also "limit inconvenience to witnesses, avoid delays in bringing defendants to trial, and allow the 'total story' to be presented to a single jury." *Id.* at 556–57.

---

[2] Ellis also moved for a bill of particulars concerning the witness tampering charge. *See* Ellis's Mot. for Bill of Particulars, ECF No. 66. However, she later agreed to withdraw that motion. *See* Ellis' BOP Reply, ECF No. 85.

"Rule 8(b) does not require that all defendants be charged in the same count, nor that each defendant participate in precisely the same act or transaction." *United States v. Valentino*, 436 F. App'x 700, 706 (7th Cir. 2011) (citing *United States v. Warner*, 498 F.3d 666, 699 (7th Cir. 2007)). "Instead, the rule permits joinder of defendants engaged in a series of acts that are logically related." *Id.* (citing *United States v. Cavale*, 688 F.2d 1098, 1106 (7th Cir. 1982)). "What is necessary is a common plan or scheme, which turns on whether the transactions are interconnected in time, place, and manner." *Id.* (citations omitted). "In evaluating whether a common scheme exists, the court looks solely to the allegations in the indictment." *White*, 737 F.3d at 1132 (citing *Warner*, 498 F.3d at 699).

Here, the face of the indictment plainly alleges that Flanders and Ellis engaged in a common plan or scheme to defraud Bank A. Flanders and Ellis worked together in the finance department at Company A from 2014 until 2019. *See* Indict. ¶¶ 2, 5. The indictment alleges that, during much of that time, both Flanders and Ellis engaged in a scheme that involved altering the payee on the company's checks, affixing the COO's signature to the forged checks, and presenting the checks to Bank A for payment. *See id.* ¶¶ 1–28. While the indictment does not allege that Flanders and Ellis engaged in the same act or transaction together or communicated about the scheme, it does allege a series of transactions that are interconnected in time (between approximately July 2016 and January 2019), place (within the Eastern District of Wisconsin), and manner (presenting forged checks to Bank A). *See id.* ¶¶ 29–42. The fact that Ellis continued the scheme after Flanders left the company and executed the scheme slightly differently at times—writing checks not directly to herself but sometimes to others like Hernandez and Barajas—does not materially change the overall nature of the

4

scheme. Because the indictment alleges a series of acts that are logically related, joinder is proper under Rule 8(b).

Flanders insists that, even if joinder is proper under Rule 8, severance is warranted under Rule 14 of the Federal Rules of Criminal Procedure. According to Flanders, "Rule 14(a) *requires* the Court to sever if joinder 'appears to prejudice a defendant.'" Flanders's Mot. to Sever, at 3 (emphasis added) (quoting Fed. R. Crim. P. 14(a)). That's not what the rule says. Rule 14 indicates that "[i]f the joinder of . . . defendants . . . appears to prejudice a defendant . . . , the court *may* . . . sever the defendants' trials[] or provide any other relief that justice requires." Fed. R. Crim. P. 14(a) (emphasis added). In other words, Rule 14 severance is discretionary, not mandatory. *See Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.").

> When defendants have been properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

*United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003) (quoting *Zafiro*, 506 U.S. at 539). "[T]he defendant bears the 'heavy burden' of establishing [prejudice]." *White*, 737 F.3d at 1133 (quoting *United States v. Berg*, 714 F.3d 490, 496 (7th Cir. 2013)).

Flanders has failed to demonstrate that severance is needed in this case. He suggests that the risk of prejudice is heightened here because the offenses are joined based on "their same or similar character." Flanders' Mot. to Sever, at 3 (quoting *United States v. Coleman*, 22 F.3d 126, 134 (7th Cir. 1994)). Not so. The indictment alleges that the offenses constitute parts of a common scheme or plan and that the defendants participated in the same series of

5

acts or transactions. *See* Indict. ¶¶ 1–46. Flanders does not provide any authority establishing an elevated risk of prejudice under that theory of joinder.

Flanders's other worries are either unfounded or can be ameliorated without having separate trials. He says that, given the disparity in the charges—Ellis is charged in eleven counts, while Flanders faces just four—the jury may convict him based on "spillover" evidence. He also points out that Ellis's alleged conduct lasted much longer than his and resulted in additional charges for money laundering, aggravated identity theft, and witness tampering. Although it's true that Ellis is charged with more (and perhaps more severe) crimes, the evidence concerning the overall scheme appears to overlap. For example, the government indicates that it will introduce evidence about how Company A's finance department operated, how Flanders and Ellis were able to issue fraudulent checks, how they forged those checks, and how they falsified records to evade detection.[3] The presence of significant overlapping evidence favors a joint trial. *See Cavale*, 688 F.2d at 1107–08; *see also United States v. Caliendo*, 910 F.2d 429, 438 (7th Cir. 1990) ("[A] simple 'disparity in the evidence' will not suffice to support a motion for severance." (citing *United States v. Moya-Gomez*, 860 F.2d 706, 754–55 (7th Cir. 1988))); *United States v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001) (noting that "evidentiary spillover" has been consistently rejected as a basis for requiring severance (collecting cases)).

Moreover, Flanders has failed to rebut the government's argument that any potential prejudice caused by spillover evidence can be effectively cured with limiting jury instructions. *See Cavale*, 688 F.2d at 1108 ("[W]here defendants are properly joined under Rule 8(b), and

---

[3] While the government's proffer cannot support the propriety of joinder under Rule 8, it appears fair game for evaluating potential prejudice under Rule 14.

in the absence of an abuse of discretion by the trial court, where it is well within an intelligent jury's capacity to follow admonitory instructions and weigh, sift, separate and appraise the evidence relevant to each defendant, severance under Rule 14 is neither necessary nor appropriate."); *see also United States v. Davis*, 724 F.3d 949, 956–57 (7th Cir. 2013) (finding danger of spillover evidence mitigated by limiting instructions); *Valentino*, 436 F. App'x at 707–08 (same).

Finally, Flanders contends that severance is warranted because he likely will pursue a defense adverse to Ellis. Antagonistic defenses justify separate trials only if "the defenses are so inconsistent that the *making* of a defense by one party will lead to an unjustifiable inference of another's guilt[] or [if] the acceptance of a defense *precludes* acquittal of other defendants." *United States v. Hartmann*, 958 F.2d 774, 786 (7th Cir. 1992) (quoting *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987)). Flanders doesn't say anything about Ellis's expected defense. Rather, he says he plans to make a technical defense about whether his alleged conduct constitutes bank fraud under 18 U.S.C. § 1344. That defense, however, does not preclude Ellis's acquittal. In fact, it appears Ellis could raise the same defense. Flanders's intent not to challenge "the vast majority of his wrongful alleged conduct," Flanders's Mot. to Sever, at 5, also belies his concerns about spillover prejudice.

In sum, Flanders has not demonstrated that his trial should be severed from that of Ellis under either Rule 8 or Rule 14.

Hernandez and Ellis don't contest the propriety of joinder under Rule 8, but both seek severance under Rule 14. Hernandez wants a separate trial from Barajas; Ellis doesn't want to be tried together with either of them. Their basis for severance is identical: apparently their co-defendants have confessed and provided statements inculpating them.

7

I will deny without prejudice the severance motions filed by Hernandez and Ellis. The Sixth Amendment's Confrontation Clause generally precludes admission of a non-testifying co-defendant's confession when used against the co-defendant. *See Bruton v. United States*, 391 U.S. 123 (1968). Here, there's no trial on the calendar and, even if eventually there is one, it's unclear which defendants will exercise the right to a trial, what evidence the government will seek to introduce, and which defendants will testify. Given all those contingencies, the defendants' confrontation concerns are not yet ripe. Indeed, Hernandez concedes that his motion is "for preservation purposes" only, *see* Hernandez's Severance Mem., at 2, ECF No. 59, and Ellis agrees that her motion can be held in abeyance or denied without prejudice, *see* Ellis's Severance Reply, at 1. Courts in this district routinely deny without prejudice premature severance motions. *See, e.g.*, *United States v. Campbell*, No. 24-CR-101, 2024 WL 5055039, 2024 U.S. Dist. LEXIS 223000 (E.D. Wis. Dec. 10, 2024), *defendant's objections overruled in United States v. Tate*, No. 24-cr-101-pp, 2025 WL 315009, 2025 U.S. Dist. LEXIS 14613 (E.D. Wis. Jan. 28, 2025). The defendants' concerns can also be mitigated by modifying their co-defendants' statements to remove any references to them and providing a limiting jury instruction. *See Samia v. United States*, 599 U.S. 635 (2023). Because the resolution of the defendants' motions depends on (1) having a trial in the first place, (2) who testifies at trial, and (3) how evidence is introduced, I will leave that issue for another day.

## CONCLUSION

Accordingly, for all the foregoing reasons, the court **DENIES without prejudice** Ramon Hernandez's motion for severance of defendants, ECF No. 58; **DENIES** Jason Flanders' motion to sever, ECF No. 62; **DENIES without prejudice** Brandi Ellis's motion to sever trials of defendants, ECF No. 65; and **GRANTS** Brandi Ellis's motion to withdraw the

original motion, ECF No. 85. Ellis's motion for bill of particulars as to count 14, ECF No. 66, is **WITHDRAWN**.

The court directs the parties' attention to 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any order herein, or part thereof, may be filed within fourteen days of service of this order. Objections must be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the district judge in writing.

**SO ORDERED** this 15th day of July, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

9